UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ZHENGJIE XING,                                    Civil Case No.:

                     Plaintiff,

                                                     COMPLAINT AND JURY
   v.                                                  DEMAND

AJI SUSHI, INC. d/b/a "YO SUSHI", and WANG
ZHOU,

                     Defendants.
-----------------------------------------------------------------X

       Plaintiff Zhengjie Xing, by and through his attorneys, alleges the following:

## INTRODUCTION

       1.      Plaintiff brings this action against Defendants Aji Sushi, Inc. d/b/a Yo Sushi ("Yo Sushi") and Wang Zhou ("Zhou") (collectively, "Defendants") to remedy Defendants' wage and hour violations of the Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq*. ("FLSA") and the New York Labor Law ("NYLL").

       2.      Defendants have willfully refused to pay Plaintiff minimum wage and overtime wages owed to him for working hours in excess of forty (40) hours per week. As a result, Plaintiff seeks to recover unpaid wages, liquidated damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

       3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§l331 and 1332.

       4.      This Court has supplemental jurisdiction over Plaintiff's state labor law claims pursuant to 28 U.S.C. §1367 because those claims are so closely related to Plaintiff's FLSA claims that they form part of the same case or controversy.

1

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391 as the events and conduct giving rise to the claims occurred in this District.

## PARTIES

6. Plaintiff is a resident of the State of New York, County of Queens.

7. Defendant Yo Sushi is a domestic limited liability company, conducting business as a restaurant at 208 Third Avenue, New York, New York.

8. Defendant Wang Zhou has his principal place of business at 208 3rd Avenue, New York, New York, and operates his restaurant at that same address under the name "Yo Sushi."

9. Defendant Wang Zhou is the principal owner of Yo Sushi and is a resident of New York State.

10. Upon information and belief, Defendant Zhou is an officer, director, shareholder and/or owner of Yo Sushi and 1) controls the day to day operations; 2) has the power to hire and fire employees; 3) supervises and controls employee work schedules; 4) determines the rate and method of payment for employees and 5) maintains employment records for the Yo Sushi restaurant.

11. At all relevant times, Defendant Zhou, operating the Yo Sushi restaurant, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

13. At all relevant times, Defendants were an "employer" within the meaning of the relevant statutes and applicable laws.

14. At all relevant times, Plaintiff was an "employee" within the meaning of the relevant statutes and applicable laws.

## STATEMENT OF FACTS

### A. Background

15. On or about June 14, 2018, Plaintiff began working at the Yo Sushi restaurant as a deliveryman, where his primary duties involved delivering food to customers.

16. For the duration of his employment, Plaintiff regularly worked more than forty (40) hours per week. Plaintiff typically worked seven (7) days per week, averaging more than sixty (60) hours per week.

17. Plaintiff's shift usually began at 5:00pm. Plaintiff's shift was supposed to end at 2:00am, but he often had to deliver orders until 2:30 am.

18. Throughout his employment, Plaintiff was compensated $600, on a bi-weekly basis.

19. When working over sixty (60) hours per week, as Plaintiff did, this equated to less than $5 per hour.

20. Therefore, Plaintiff was not paid the minimum wage for every hour worked. Plaintiff was also not paid overtime compensation at time and one-half her regular hourly wage for all hours worked over forty (40) per week.

21. Further, upon information and belief, Defendant failed to maintain accurate and sufficient records for Plaintiff as required by federal and state law.

### COUNT I
### THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME COMPENSATION

22. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

23. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

24. Upon information and belief, at all relevant times, Defendants had a gross annual revenue in excess of $500,000.

25. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

26. At all relevant times, in violation of 29 U.S.C. §207, Defendants had a policy and practice of failing to pay Plaintiff his earned overtime wages, at the rate of one and one half times the regular rate of pay, for all time in which he worked in excess of forty (40) hours in any given week.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

28. Due to the intentional, willful and unlawful acts of the Defendant, Plaintiff suffered damages of unpaid overtime wages, plus an equal amount as liquidated damages.

29. In addition to unpaid wages and liquidated damages, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### COUNT II
### THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

30. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

31. In violation of 29 U.S.C. § 206, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

32. At all relevant times, Defendant knew of and/or showed a willful disregard for the provisions of the FLSA.

33. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages of unpaid minimum wages, plus an equal amount as liquidated damages.

34. In addition to unpaid wages and liquidated damages, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## FAILURE TO PAY OVERTIME WAGE COMPENSATION

35. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

36. At all relevant times, Plaintiff was an "employee" within the meaning of New York Labor Law, §§190 *et seq.*, and NYCRR §§650 *et seq.*

37. At all relevant times, Defendants were an "employer" within the meaning of New York Labor Law, §§190 *et seq.*, and NYCRR §§650 *et seq.*

38. Pursuant to 12 NYCRR §142-2.2, "an employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

39. Upon information and belief, Plaintiff regularly worked more than forty (40) hours a week for Defendant, often working more than sixty (60) hours per week

40. Defendants willfully violated Plaintiff's rights by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

41. Pursuant to New York Labor Law §663, Plaintiff is entitled to recover from Defendants his unpaid overtime, liquidated damages, pre judgment and post judgment interest, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## FAILURE TO PAY MINIMUM WAGE

42. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

43. Pursuant to Title 12 NYCRR §146-1.2(a)(1)(i)(b): "The basic minimum hourly wage rate shall be …. (2) $12.00 per hour on and after December 31, 2017; 13.50 per hour on and after December 31, 2018.."

44. Pursuant to Title 12 NYCRR §146-1.3, "an employer may take a credit towards the basic minimum hourly rate if a service employee…receives enough tips and if the employee has been notified of the tip credit."

45. Even after tip earnings, Plaintiff did not earn minimum wage.

46. Even if Plaintiff did earn minimum wage after tips, which he did not, Defendants are not entitled to the tip credit because Plaintiff did not receive proper notice under the law.

47. Pursuant to New York Labor Law §663, "if any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs and all reasonable attorney's fees."

48. Pursuant to NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, pre judgment and post judgment interest, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW

## NOTICE AND RECORD KEEPING REQUIREMENTS

49. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

50. NYLL § 195(1)(a) requires that employers provide, "in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances…the name of the employer; any "doing business as" names used by the employer."

51. As a result of Defendant's NYLL violations, Plaintiff is entitled to recover from Defendants fifty dollars for each work day that the violations occurred or continue to occur, not to exceed a total of five thousand dollars, pursuant to NYLL § 198.

52. NYLL § 195(3) also requires that employer "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week…; gross wages; deductions, allowances, if any, claimed as part of the minimum wage; and net wages."

53. As a result of Defendant's NYLL violations, Plaintiff is entitled to recover from Defendants two hundred fifty dollars for each work day that the violations occurred or continue to occur, not to exceed a total of five thousand dollars, pursuant to NYLL § 198.

54. At all times, Defendants unlawfully failed to provide Plaintiff with the records required by law.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. Unpaid overtime pay and liquidated damages, permitted by law pursuant to the NYLL;

b. Unpaid overtime pay and liquidated damages, permitted by law pursuant to the FLSA:

c. Unpaid minimum wages and liquidated damages, permitted by law pursuant to the NYLL:

d. Unpaid minimum wages and liquidated damages, permitted by law pursuant to the FLSA;

e. Compensation for violations of NYLL § 195;

f. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 19, §§ 691 *et seq.,* and the supporting New York State Department of Labor regulations;

g. Pre judgment and post-judgment interest;

h. Reasonable attorneys' fees and costs of this action; and

i. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
July 9, 2019

Respectfully submitted,

By: /s/ *Brittany Weiner*
Brittany Weiner, Esq.
Imbesi Law P.C.
1501 Broadway, Suite 1915
New York, NY 10123
Tel. (646) 767-2271

8

Fax. (212) 658-9177
brittany@lawicm.com