USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/31/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHENGJIE XING,

                          Plaintiff,

                v.

AJI SUSHI INC., *doing business as Yo Sushi,*
WANG ZHOU,

                        Defendants.

No. 19-CV-6357 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Zhengjie Xing brings this action against his former employer Aji Sushi Inc. ("Aji Sushi") and its owner Wang Zhou (collectively, "Defendants") principally alleging failure to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Now before the Court is Plaintiff's motion for summary judgment. Defendants do not oppose the motion as to liability. For the reasons that follow, the motion is granted.

## BACKGROUND

The following facts are drawn principally from Plaintiff's Rule 56.1 Statement ("56.1 Stmt."), Dkt. 41, the Declaration of Brittany Weiner in Support of the Motion for Summary Judgment ("Weiner Decl."), Dkt. 40, and the exhibits thereto. Unless otherwise noted, the facts are undisputed.

Plaintiff Zhengjie Xing worked as a deliveryman at Aji Sushi from June 2018 until June 2019. 56.1 Stmt. ¶¶ 4-5. Defendant Aji Sushi is a limited liability company doing business as Yo Sushi, located at 208 Third Avenue in Manhattan, New York. *Id.* ¶ 1. Defendant Wang Zhou is

the sole owner of Aji Sushi, and in charge of the restaurant's operations. *Id.* ¶¶ 2-3. At all relevant times, Aji Sushi's annual sales exceeded $500,000. *Id.* ¶ 6.

Plaintiff's shift began at 5:00 p.m. and he "often worked more than forty (40) hours per week." *Id.* ¶ 9. Plaintiff attests that he usually continued working until 2:00 a.m., if not later. *See* Dkt. 40-2., Affidavit of Plaintiff Zhengjie Xing in Support of Motion for Summary Judgment ("Xing Aff.") ¶ 5. "More often than not" during the year that he was employed, he worked seven days per week. 56.1 Stmt. ¶ 10. Plaintiff was paid $300 per week throughout his employment at Aji Sushi, regardless of the number of hours that he actually worked. *Id.* ¶¶ 10-11. This wage calculation excludes any tips that he received. *Id.* ¶ 10. But Plaintiff never signed any document regarding his tips, nor was he "given any document evidencing that his hourly rate would be reduced" on that basis. *Id.* ¶¶ 13-14.

In fact, Plaintiff never received a weekly paystub or any other weekly record of payment. *Id.* ¶ 15. There was no "time-keeping system" at Aji Sushi. *Id.* ¶ 12. Nor did Aji Sushi display "the minimum wage poster" in any language other than English. *Id.* ¶ 16. Plaintiff, whose primary language is Mandarin, Xing Aff. ¶ 2, does not speak English fluently, 56.1 Stmt. ¶ 17.

On July 9, 2019, Plaintiff filed this action, claiming that Defendants' conduct as described above violated the FLSA and NYLL. *See* Dkt. 1. On December 8, 2020, following the completion of discovery, Plaintiff moved for summary judgment. Dkt. 38. In lieu of filing an opposition, Defendants submitted a letter on January 7, 2021, indicating that they were "not opposed to plaintiff's motion for summary judgment as to defendants' liability under FLSA and New York state laws, as well as plaintiff's entitlement to counsel fee[s] and costs." Dkt. 42. "Defendants further agree with plaintiff's contention that the remaining issue to be addressed at trial would be confined to the amount of damages alone." *Id.*

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 authorizes a court to grant summary judgment if the movant establishes that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (internal quotation marks omitted).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and it is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).  The moving party bears the burden of demonstrating that no genuine issue of material fact exists.  *See, e.g., Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).  Even if a motion for summary judgment is unopposed, the district court must still determine that the moving party has met its burden and that the citation to the evidence in the record supports the [unopposed] assertion." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014).

**DISCUSSION**

The Court finds that Plaintiff has satisfied his burden of establishing entitlement to judgment as a matter of law on all substantive counts alleged in the complaint.  The Court addresses each count in turn.

Pursuant to the FLSA and the NYLL, an employee can bring a civil action against his employer for violation of those statutes' minimum-wage and overtime provisions.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).   As an initial matter, the Court finds that Zhou qualifies as an "employer" under both federal and state law.   The record makes clear that he owns Aji Sushi and that he is the only person "in charge of its operations." 56.1 Stmt. ¶ 3; *see* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in

3

relation to an employee"); N.Y. Lab. Law § 190(3) ("'Employer' includes any person . . . employing any individual in any occupation, industry, trade, business or service.").

With respect to overtime, both statutes require that an employee who works more than forty hours per week be paid at a rate not less than 150% of that employee's regular hourly rate for all hours worked beyond forty.  29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. Tit. 12 § 142–2.2.  There is some dispute about the precise number of hours that Plaintiff worked.  *Compare* Xing Aff. ¶ 8 ("For the majority of my time at Aji Sushi, I worked over 60 hours per week.") *with* 56.1 Stmt. ¶ 8 (quoting deposition testimony of Zhou to the effect that Plaintiff, at times, worked 49 hours per week).  Even viewed in the light most favorable to Defendants, however, the record makes clear that Plaintiff at times worked more than forty hours per week without any extra compensation.  *See* 56.1 Stmt. ¶¶ 8-11.  Defendants are therefore liable under both statutes for failure to pay the overtime rate.

Failure to pay the required minimum wage is similarly actionable under the FLSA and NYLL.  *See* 29 U.S.C. § 216; N.Y. Lab. Law § 663.  It is undisputed that Plaintiff was paid $300 a week throughout his employment, regardless of the number of hours he worked each week.  56.1 Stmt. ¶ 11.  Zhou's testimony that Plaintiff, at points during his employment, worked 49 hours per week, see *id.* ¶ 8, indicates that his effective rate of pay was approximately $6.12 an hour.   That rate falls below the federal minimum wage, which remained at $7.25 per hour throughout Plaintiff's employment, 29 U.S.C. § 206(a)(1)(C).   Plaintiff was also paid below the state minimum wage, which was at least $12.00 per hour for businesses in New York City at all relevant times.  *See* N.Y. Lab. Law § 652.  As it is undisputed that Plaintiff never received written notice that his hourly rate would be reduced because of tips, *see* 56.1 Stmt. ¶¶ 13-15, Defendants are not entitled to a "tip credit," which permits an employer to pay a tipped employee a cash wage that is

lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage. *See* 29 U.S.C. § 203(m)(2)(A) (tip credit applies under FLSA only where tipped "employee has been informed by the employer of the provisions of this subsection"); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2 (requiring employers to give "written notice of … the amount of tip credit" to qualify for same under the NYLL). Under either statute, the employer bears the burden of proving compliance with tip-credit notice requirements. *See Feng Chen v. Patel*, No. 16 Civ. 1130 (AT) (SDA), 2019 WL 2763836, at *6-*7 (S.D.N.Y. July 2, 2019). Accordingly, Defendants are liable for violations of the minimum-wage provisions under both federal and state law.

Lastly, the NYLL requires employers to "furnish each employee with a statement with every payment of wages" that includes, *inter alia*, the rate of payment, the gross wages provided, and the applicable overtime rate. N.Y. Lab. Law § 195(3). Section 195(1) similarly requires that an employer "provide his or her employees, in writing in English and in the language identified by each employee as [their] primary language," a notice that includes, as relevant here*,* an employee's regular hourly rate and overtime rate of pay. *Id.* § 195(1)(a). The record makes clear that Defendants failed to provide Plaintiff with either the required paystubs, 56.1. Stmt. ¶ 15, or a notice in his native language of Mandarin, *id.* ¶ 16. Defendants are therefore liable for violations of NYLL §§ 195(1) and 195(3).

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for summary judgment is granted as to liability under the overtime and minimum-wage provisions of the FLSA and the NYLL, as well as NYLL §§ 195(1) and 195(3).  Under the FLSA or NYLL, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of wages.  *See* 29 U.S.C. § 216(b);  N.Y. Lab. Law § 663(1).  Pursuant to N.Y. C.P.L.R. § 5001(a), Plaintiff is also entitled to prejudgment interest for underpayment of wages, but only under the NYLL.  *Reilly v. Natwest Markets Grp. Inc.,* 181 F.3d 253, 265 (2d Cir. 1999).  The appropriate amount of damages shall be determined at trial. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs, in an amount to be determined by the Court.

The parties shall appear before the Court for a status conference on September 14, 2021 at 2:30 p.m., at which they shall be prepared to set dates for trial.  The Court will hold this conference by telephone.  The parties shall use the dial-in information provided below to call into the conference: Call-in Number: (888) 363-4749; Access Code: 1015508.  This conference line is open to the public.

The Clerk of Court is respectfully directed to terminate the item at docket number 38.


SO ORDERED.

Dated:     August 31, 2021
           New York, New York

_____
Ronnie Abrams
United States District Judge