UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

ZHENGJIE XING,

             Plaintiff,

         -against-

AJI SUSHI INC. d/b/a YO SUSHI and WANG ZHOU,

             Defendants.

-----------------------------------------------------------x

19-CV-6357 (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff Zhengjie Xing brought this action against Aji Sushi Inc. d/b/a Yo Sushi and Wang Zhou (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleged claims for unpaid minimum wages, unpaid overtime, record-keeping violations, and liquidated damages and attorney's fees and costs. (ECF 58 at 1). Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 46). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

I.       **Background**[1]

Plaintiff worked for Defendants for approximately one year, from June 14, 2018 to June 8, 2019. (ECF 58 at 1). Plaintiff typically worked seven days per week, averaging over sixty hours

---

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

1

per week. In January of 2022, the parties reached a settlement agreement. (ECF 58 at 1).

## II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiff alleges a maximum recovery of $90,939.80. (ECF 58 at 2). Of this sum, Plaintiff allocates $40,469.90 to his unpaid minimum wage and overtime compensation; $40,469.90 to liquidated damages; and $10,000 to alleged violations of New York Labor Law §§ 193 and 195. (ECF 54 at 4). The proposed settlement amount is $80,000.00. (ECF 58 at 1). Of the total settlement amount, Plaintiff would receive $51,454.25, 127% of his best-case owed back

wages,[2] and Plaintiff's counsel would receive $28,545.75 in fees and costs. (ECF 58 at 4). Given the risks of litigation as noted below, the Court finds this amount reasonable.

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (ECF 58 at 2). Plaintiff acknowledges that there are risks associated with proving his damages at trial, and risks associated with any appeal. (ECF 58 at 2). Plaintiff would also have to incur additional costs for translation services and trial exhibits were he to proceed to trial. (ECF 58 at 2).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of extensive negotiations conducted by competent and experienced counsel, and there is no evidence to the contrary. (ECF 58 at 3).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

---

[2] (51,454.25 / $40,469.90 = 1.27)

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees award of $26,640.00 is reasonable, and represents approximately 33% of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3%").

Plaintiff's counsel has spent more than forty-nine hours litigating this matter, resulting in a lodestar of $19,870. (ECF 58 at 5). *In re Comverse Tech., Inc. Sec. Litig.*, 2010 WL 2653354 at *5 (E.D.N.Y. June 24, 2010) (granting attorneys' fees in excess of the lodestar). Given these facts, the Court finds the attorney's fees award to be reasonable.

### III.     Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. Plaintiff will receive **$51,454.25**. Plaintiff's counsel will receive **$28,545.75** of the settlement amount, with **$26,640.00** allocated to attorney's fees and **$1,905.75** to costs. It is hereby **ORDERED** that this action is dismissed with prejudice. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: November 28, 2022  
  New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge